# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARK ALLEN KOCH,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JEANNETTE WILLIAMS and<br>CARL CLARK,<br><br>　　　　　Defendants. | 8:16CV10<br><br>ORDER |

This matter is before the court after review of the plaintiff's complaint (Filing No. 1). Additionally, the court has reviewed the plaintiff's January 21, 2016, filing with its attachments.

The plaintiff filed this action on January 12, 2016, in the United States District Court for the District of Nebraska. **See** Filing No. 1. The plaintiff filed a document titled, "Appeal of Ruling in Case ID# A-15-537 from Nebraska Supreme Court, Lincoln, Nebraska from 14-17 District Court of Valley County, Nebraska." *Id.* Under the heading, "Jurisdiction," the plaintiff states the matter is an appeal of a civil procedure supported by case law. *Id.* at 1. The plaintiff suggests this court has jurisdiction as a court of justice. *Id.* Additionally, the plaintiff states,

> The injustice of procedure called into question for the United States District Court of Nebraska is a violation of substantial right that would adversely effect the outcome from the balance of the law and proper due process afforded to the plaintiff/appellant according to the United States Constitution and other federal laws.

*Id.* at 2.

The plaintiff's complaint states it is an appeal from a December 7, 2015, Supreme Court of Nebraska ruling remanding a case to the District Court of Valley County, Nebraska. *Id.* at 2. The plaintiff did not attach an order or ruling to his filing. The plaintiff's complaint references a state court proceeding where he feels an opposing party had access to information or discovery for which he did not have similar access. *Id.* at 3. Additionally, the plaintiff cites to federal and state perjury laws. *Id.* at 3-4. The plaintiff suggests his state court proceeding lacks due process and a fair and just trial is

impossible.  *Id.* at 4.  The plaintiff states he has made a written request for information under the Freedom of Information Act based on denial of his access to police reports.  *Id.* at 5.  The plaintiff alleges he seeks to have this court hear the case due to the state court's arbitrary decisions and serious error denying substantial rights to the plaintiff.  *Id.*  Ultimately, the plaintiff requests this court "Mandate the reverseal [sic] of the order of the District Court of Valley County, Nebraska requiring proceeding to trial without allowing proper access to information and discovery processes."  *Id.*  The plaintiff also requests this court "deal adequately with the perjuries and false statements affirmations of the defense.  Finally, the plaintiff/appellant requests the court to require both defendants to answer to and be ordered to come to trial for just due process of law due to the amended answer showing both were party to the incident."  *Id.* at 6.

"A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." **Fitzgerald v. Seaboard Sys. R.R., Inc.**, 760 F.2d 1249, 1251 (11th Cir. 1985) (**citing Philbrook v. Glodgett**, 421 U.S. 707 (1975)); **see Amnesty Int'l, USA v. Battle**, 559 F.3d 1170, 1176-77 (11th Cir. 2009).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  "A party invoking federal jurisdiction has the burden of establishing that he has the right to assert his claim in federal court."  **281 Care Comm. v. Arneson**, 638 F.3d 621, 627 (8th Cir. 2011).

"It is a fundamental precept that federal courts are courts of limited jurisdiction.  The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded."  **Owen Equip. & Erection Co. v. Kroger**, 437 U.S. 365, 374 (1978).  "[C]onclusory allegations do not provide an adequate basis for determining this court's jurisdiction."  **Jil McCorkindale v. Am. Home Assurance Co./A.I.C.**, 909 F. Supp. 646, 656 (N.D. Iowa 1995).  The plaintiff fails to show any manner in which the court could find a basis for jurisdiction based on either diversity of citizenship or a federal question arising under the Constitution, law, or treaties of the United States.  **See** 28 U.S.C. § 1331, 1332.  This court does not act as an appellate court for state proceedings absent specific statutory authority to the contrary and may not interfere with pending state cases.  **See Younger v. Harris**, 401

U.S. 37 (1971) (holding federal courts may not enjoin pending state court criminal proceedings even with an allegation of a constitutional violation). Accordingly, the plaintiff shall have an opportunity to show cause why this matter should not be summarily dismissed.

**IT IS ORDERED:**

The plaintiff shall have to **on or before February 19, 2016**, to show cause why this matter should not be dismissed for lack of subject matter jurisdiction.

Dated this 22nd day of January, 2016.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge