IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MARK ALLEN KOCH,

    Plaintiff,

  v.

JEANNETTE WILLIAMS, and CARL CLARK,

    Defendants.

8:16CV10

MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's objection, Filing No. 8, to the magistrate judge's findings and recommendation, Filing No. 7. Plaintiff filed this case with a document which stated: "Appeal of Ruling in Case ID# A-15-537 from Nebraska Supreme Court, Lincoln, Nebraska from 14-17 District Court of Valley County, Nebraska." Filing No. 1. The magistrate judge entered an order requiring plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction. Filing No. 5. Plaintiff responded in a supplement regarding the complaint. Filing No. 6.

A district court reviews de novo those portions of a magistrate's order that are objected to by a party. *Grinder v. Gammon,* 73 F.3d 793, 794 (8th Cir. 1996). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). A district court may reconsider a magistrate judge's ruling where it has been shown that the ruling is clearly erroneous or contrary to law. *Ferguson v. United States,* 484 F.3d 1068, 1076 (8th Cir. 2007) (citing 28 U.S.C. § 636(b)(1)(A)).

> The plaintiff states in his complaint,
>
> The injustice of procedure called into question for the United States District Court of Nebraska is a violation of substantial right that would adversely effect the outcome from the balance of the law and proper due process afforded to the plaintiff/appellant according to the United States Constitution and other federal laws.

Complaint, at 2. The plaintiff's complaint states it is an appeal from a December 7, 2015, Supreme Court of Nebraska ruling remanding a case to the District Court of Valley County, Nebraska. *Id.* at 2. Plaintiff apparently believes the opposing party in a state court proceeding had access to information or discovery that he did not have access to for his case. He also references the Freedom of Information Act, due process, and arbitrary state court decisions. The plaintiff filed a supplement, Filing No. 6, wherein he attached a copy of his index with the Nebraska Supreme Court and various state court documents.

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "A party invoking federal jurisdiction has the burden of establishing that he has the right to assert his claim in federal court." *281 Care Comm. v. Arneson,* 638 F.3d 621, 627 (8th Cir. 2011).

The magistrate judge reviewed the pleadings and determined that plaintiff failed to show any possible existence of jurisdiction based on either federal question or diversity of citizenship. See 28 U.S.C. §§ 1331, 1332. The magistrate judge recommended that this Court dismiss plaintiff's case.

2

Plaintiff argues that he has not yet served summons and thus due process is violated, nor has he received a hearing on the issue. He further notes that the ruling is premature.

The Court has carefully reviewed plaintiff's objections and finds they are without merit. This Court has no jurisdiction over the case, as plaintiff is merely requesting review of state court decisions. There is no showing of federal question jurisdiction or diversity jurisdiction. The Court finds the findings and recommendation of the magistrate judge is correct and adopts it in its entirety.

THEREFORE, IT IS ORDERED THAT:

1. The objections of the plaintiff, Filing No. 8, are overruled;

2. The findings and recommendation of the magistrate judge, Filing No. 7, is adopted in its entirety; and

3. This case is dismissed.

4. A judgment of dismissal will be entered this date.

Dated this 25th day of May, 2016.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge